IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TINA BOND | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-2513 |
| | * | |
| EDENWALD GERMAN GENERAL | * | |
| HOME OF THE AGED | * | |

******

## MEMORANDUM

Tina Bond has instituted this *pro se* action for employment discrimination against Edenwald German General Home of Baltimore. Defendant has filed a motion for summary judgment to which plaintiff has responded. The motion will be granted.

Plaintiff was formally disciplined for having made five errors while employed by defendant. After the fifth occasion, plaintiff's employment was terminated. Defendant follows a practice of progressive discipline. Clearly, tolerating four instances of misconduct and terminating plaintiff's employment after the fifth incident is in accordance with the practice of progressive discipline.

Plaintiff also complains that she was retaliated against for having filed a charge of discrimination with the EEOC on or about August 6, 2011. Plaintiff was disciplined three times before defendant received notice of the charge. Obviously, any discipline plaintiff received prior to the charge did not form a basis for plaintiff's retaliation. As to the other two instances of misconduct, defendant had legitimate, non-retaliatory reasons for taking disciplinary actions against plaintiff. On November 8, 2011 plaintiff received a three-day suspension for failing to follow up on a patient's INR blood test results despite having initiated the patient's medical chart

that she had received the results on October 4. On March 8, 2012, plaintiff was placed on administrative review following an incident that occurred on March 19, 2011. The March 19th incident involved plaintiff's noting in a patient's chart that he had been prescribed Percocet when in fact that was incorrect.

In her opposition plaintiff notes that a white employee (plaintiff is black) was not disciplined for administering two doses of the wrong narcotic to a resident. That employee received only a one-day suspension and maintains her job. What plaintiff fails to note is that the white employee did not have a history of unsatisfactory job performance as did plaintiff when her employment was terminated for noting on a patient's chart that he should be prescribed Percocet.

A separate order granting defendant's motion is being entered herewith.

Date: Oct 17, 016

J. Frederick Motz
United States District Judge